COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bumgardner and Frank
Argued at Alexandria, Virginia


MICHAEL FINCHAM
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1197-99-4       JUDGE RUDOLPH BUMGARDNER, III
                                         MARCH 14, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                    Paul F. Sheridan, Judge

        Janell M. Wolfe (Law Office of Janell M.
        Wolfe, on brief), for appellant.

        Shelly R. James, Assistant Attorney General
        (Mark L. Earley, Attorney General, on brief),
        for appellee.


     A jury convicted Michael Fincham of two counts of grand

larceny by false pretenses in violation of Code § 18.2-95.  On

appeal, the defendant argues the trial court erred in admitting

evidence that the defendant may have committed other crimes.

Finding no error, we affirm his convictions.

     The defendant was charged with receiving payment for but

never completing repair work to the home of an elderly Arlington

couple, Edward and Mary Beardman.  The Commonwealth filed a

motion in limine to determine whether the trial court would

admit evidence that referred to other offenses.  The

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

Commonwealth proffered that FBI Agent Charles Price interviewed the defendant about defrauding an elderly resident of Washington, D.C. During the interview, the defendant told him about defrauding the Beardmans in Arlington. The trial court did not exclude the evidence because the proffer indicated a pattern and practice in a common scheme, but the trial court cautioned that it would keep the objection in mind and rule as the evidence developed. As the hearing ended, the trial court stated, "So I rule in advance that it is not inadmissible and I will consider objections as they come in item by item." The defendant made no objection.

At trial, Price testified that he interviewed the defendant during an investigation "in which [he] received allegations that [the defendant] and others had defrauded an elderly resident of Washington, D.C." The defendant did not object to this evidence, but the trial court immediately gave a cautionary instruction sua sponte limiting the use of the evidence. The defendant did not object to the instruction and made no request to modify or supplement the instruction as given. When the trial court instructed the jury before it began deliberating, the trial court gave an instruction patterned from Model Jury Instruction 2.260 limiting the use of evidence of other offenses. The defendant neither objected to the instruction nor offered any alternative.

-

During the Commonwealth's examination of Price, it asked for details of the case in Washington, D.C.  The defendant objected to evidence of "what the case involved," and the trial court sustained the objection.  It ruled that the Commonwealth could not introduce details of other crimes, and the Commonwealth withdrew the question.  Price testified about the defendant's statements concerning the offense being tried.  The defendant "told me that he and Robert Bowers defrauded Mr. and Mrs. Beardman in Arlington. . . . And he told me about the fact that they received three checks from the Beardmans and the amounts of those checks."  The defendant also acknowledged that "charges were pending on that matter in Arlington [regarding the Beardmans], that Detective Comfort in Arlington was investigating that matter and that Bowers paid back . . . two thousand."

When the Commonwealth sought clarification of the trial court's pretrial ruling that she could introduce "the other victims as part of the scheme," the trial court advised that the Commonwealth could offer the defendant's admissions that "linked Beardman to other activities somewhere in the nature of obtaining by false pretenses checks and/or money."  However, the court prohibited the Commonwealth from presenting "a total description of all the other cases."  The Commonwealth did not question Price further about the other crimes.

-

On appeal, the defendant generally argues that the trial court erroneously admitted evidence of other crimes. The defendant complains about four incidents: Price's testimony that he was investigating the defendant for a D.C. crime; the reference to a third check taken from the Beardmans; the court's failure to rule during the motion in limine; and the court's failure to explain during its sua sponte cautionary instruction the purpose for admitting the evidence of other crimes. However, the defendant raised none of these objections at trial, and he is precluded from raising them for the first time on appeal. See Rule 5A:18; Barnabei v. Commonwealth, 252 Va. 161, 177, 477 S.E.2d 270, 279 (1996) (failure to object when instruction given), cert. denied, 520 U.S. 1224 (1997); Buck v. Commonwealth, 247 Va. 449, 452-53, 443 S.E.2d 414, 416 (1994) (failure to make same objection to trial court); Boblett v. Commonwealth, 10 Va. App. 640, 650-51, 396 S.E.2d 131, 136-37 (1990) (acquiescence).

The trial court carefully considered the positions of the parties, gave tentative rulings based on the proffers but clearly indicated that it would consider the matters as they actually developed during testimony, and invited objections as each item was offered. The trial court sustained the only objection made. The jury was promptly and effectively instructed both when the evidence was first offered and then

-

when the court submitted the case for decision.  Finding no error, we affirm the convictions.

<u>Affirmed.</u>
